IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONNIE DANIELS**                                                                                    **PLAINTIFF**

v.                                                                                  CAUSE NO. 1:24cv214-LG-RPM

**SEAHORSE UNDERWRITERS –
A DIVISION OF MCGRIFF,
SEIBELS & WILLIAMS AND
INTACT INSURANCE
SPECIALTY SOLUTIONS**                                                                     **DEFENDANTS**

### ORDER GRANTING MOTION TO COMPEL ARBITRATION
### AND TO STAY PROCEEDINGS

The matter before the Court is essentially a contract dispute between an insurance provider and the insured. On July 17, 2023, Plaintiff, Ronnie Daniels' boat was damaged and capsized. The vessel was insured by the Defendant, Atlantic Specialty Insurance Company ("ASIC").[1] According to the Complaint, ASCI undervalued the extent of the damages and necessary repairs to the boat. In this [4] Motion, ASIC seeks to compel enforcement of an arbitration provision in the insurance contract. Daniels disputes the validity of the arbitration provision.

### BACKGROUND

Daniels applied for a professional fishing guide program insurance policy through his agent on or about February 27, 2023. ASIC issued the insurance policy bearing policy no. B5JU90782 ("the policy") to Daniels on March 2, 2023. Daniels

---

[1] The Defendant is incorrectly identified as "Intact Insurance Specialty Solutions".

-1-

testified that he received the policy several weeks later, after April 10, 2023.[2] The policy provided coverage for property damage to Daniels' 2020 Blue Wave Model 2600 boat. Daniels paid premiums for the policy but disputes signing the policy. The policy contained an arbitration provision and is identified by a heading labeled "Arbitration" in the policy's table of contents.

On July 17, 2023, the boat was damaged and capsized. Daniels reported the claim to Seahorse Underwriters, and ASIC assigned a claim number to the incident. Daniels alleges that Defendants undervalued the extent of the damages and failed to properly consider all necessary repairs to the boat. Daniels filed this lawsuit in the Circuit Court of Harrison County, Mississippi, on June 7, 2024. He alleges claims for breach of contract, breach of implied covenant of good faith and fair dealing, bad-faith denial of coverage, negligence, and gross negligence. ASIC removed this action on July 11, 2024, on the basis of diversity jurisdiction. ASIC filed the present [4] Motion to Compel Arbitration and to Stay Proceedings on July 17, 2024.

## DISCUSSION

The parties do not dispute that the Federal Arbitration Act ("FAA") applies. *See* 9 U.S.C. §§ 1, et seq. Courts use a two-step inquiry when adjudicating a motion to compel under the FAA. *New Orleans Glass Co. v. Roy Anderson Grp.*, 632 F. App'x 166, 169 (5th Cir. 2015). A court must determine: "(1) whether there is a

---

[2] Daniels' testified that "[a] copy of the subject insurance policy was delivered to me sometime after the April 10, 2023 Notice, and several weeks after coverage was bound." Daniels' Aff. [7-1].

valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). Once a court determines that the arbitration agreement applies, then it must consider whether external legal constraints foreclose the arbitration of the parties' claims. *Id.*

The policy provides, in pertinent part:

> ARBITRATION
>
> If you make a claim under this policy and we disagree about whether the claim is payable or about the amount due to you under the policy, the disagreement must be resolved by binding arbitration according to the following procedure:
>
> 1. You and we will agree on a single arbitrator to decide the dispute. The arbitrator's fee and arbitration costs will be shared equally by you and us.
>
> . . . .
>
> 4. The arbitration must be commenced within one year of the date of the loss or damage.
>
> 5. Except as otherwise agreed by you and us, the arbitrators shall apply the general maritime law of the United States.

Def.'s Mot. [4] at 34.

In arbitration disputes, courts generally "apply ordinary state-law principles that govern the formation of contracts." *Webb*, 89 F.3d at 258 (citation omitted). However, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." *Id.* (citation omitted). Here, neither party disputes that Mississippi state law applies.

Daniels asserts that he never signed the policy. In addition, he asserts that ASIC did not notify him of the arbitration provision and therefore there was there was no meeting of the minds. Under Mississippi law, "insurance policies are matters of contract and the interpretation of insurance contracts is according to the same rules which govern other contracts." *Krebs v. Strange*, 419 So. 2d 178, 181 (Miss. 1982). The essential elements of an insurance contract "are an offer and an acceptance, supported by consideration." *Id.* "When the insurance company's offer to issue the insurance is accepted by the insured *and premium payment is made*, the contract is formed and the rights and obligations of the respective parties 'lock in'." *Id.* (emphasis added); *see James Allen Ins. Brokers v. First Fin. Bank*, 267 So. 3d 759, 766 (Miss. 2019). In other words, the insured accepts the policy when he makes premium payments, and a signature is not necessary. *See Mut. of Omaha Ins. v. Driskell*, 293 So. 3d 261, 264 (Miss. 2020) (citation omitted); *see also Smith Barney, Inc. v. Henry*, 775 So. 2d 722, 727 (Miss. 2001) (agreeing with other states that "a written agreement to arbitrate does not necessarily have to be signed by both parties") (quoting *Collins v. Merrill Lync, Pierce, Fenner, & Smith, Inc.*, 561 So. 2d 952, 956 (La. Ct. App. 1990)). "[K]nowledge of an insurance policy is imputed to an insured regardless of whether the insured read the policy." *Driskell*, 293 So. 3d at 264 (citation omitted); *Mladineo v. Schmidt*, 52 So. 3d 1154, 1161–62 (Miss. 2010) (collecting cases).

Daniels concedes that he had possession of the policy and that he made premium payments. Therefore, he accepted the terms of the policy through his

payment of premiums and is bound regardless of whether he knew about the arbitration provision. *See Krebs*, 419 So. 2d at 181; *Driskell*, 293 So. 3d at 264; *Henry*, 775 So. 2d at 727; *see also Mladineo*, 52 So. 3d at 1162 (The plaintiffs had possession of the policy with "enough time to have read the policy—and are imputed with knowledge of the policy's contents[.]"). Furthermore, equitable estoppel prevents Daniels' assertion that he is entitled to the benefits of the insurance policy without the burden of the policy's arbitration provision. *See Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 267–68 (5th Cir. 2004) (Equitable estoppel prevents party "from taking such inconsistent positions.").

Under Mississippi law, contracts that are either procedurally or substantively unconscionable are invalid. *MS Credit Ctr., Inc. v. Horton*, 926 So. 2d 167, 177 (Miss. 2006). Procedural unconscionability exists where there is "a lack of knowledge, lack of voluntariness, inconspicuous print, . . . disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." *Id.* (quoting *E. Ford, Inc. v. Taylor*, 826 So. 2d 709, 714 (Miss. 2002)). Contracts of adhesion may also constitute procedural unconscionability. *See id.* However, Daniels' argument that the arbitration agreement here is procedurally and substantively unconscionable is unpersuasive.

Nothing in the record suggests procedural unconscionability. While Daniels alleges that ASIC did not notify him about the arbitration agreement, ASIC had no affirmative duty to explain the policy's terms. Instead, Daniels had the duty to read

the contract before accepting it. *See id.* at 177–78 ("[A] party may neither neglect to become familiar with the terms and conditions and then later complain of lack of knowledge, nor avoid a written contract merely because he . . . failed to read it[.]").

Daniels also alleges "the arbitration provision was buried in the final pages of the policy delivered[.]" Resp. [7] at 6. This is demonstrably incorrect. The policy's Table of Contents lists "Arbitration" as a heading, and the font size is consistent with other provisions of the policy. *See Horton*, 926 So. 2d at 178. Daniels' affidavit alleging the "take-it-or-leave-it" presentation of the contract refers to presentation of the insurance *application* and not the *policy*—the contract currently in dispute. "There is no evidence to suggest [Daniels] requested removal of the arbitration agreement or negotiation of any of the terms of the" insurance policy. *See Horton*, 926 So. 2d at 178. Thus, Daniels presents no evidence apart from his conclusory allegation that this was a contract of adhesion.[3] Daniels presents no evidence that he lacked sophistication or bargaining power apart from own his assertions. *See id.* at 179 (Merely stating that he lacks sophistication "is certainly not enough, standing alone."). Further, "[n]othing in the record indicates [Daniels] could not have obtained" an insurance policy with another insurance provider. *See id.*

---

[3] Even assuming arguendo that the policy is an adhesion contract, the arbitration provision would only be procedurally unconscionable if "the stronger party's terms are unnegotiable and 'the weaker party is prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all.'" *See Taylor*, 826 So. 2d at 716 (quoting *Entergy Miss., Inc. v. Burdette Gin Co.*, 726 So. 2d 1202, 1207 (Miss. 1998)). Daniels alleges no facts to support his argument that the policy is an unconscionable adhesion contract.

Finally, the "record provides no specific facts supporting [Daniels'] alleged lack of opportunity to study and inquiry about the contract terms." *See id.* There is no evidence that he "was prevented from studying and inquiring as to the terms" before paying the premium and accepting the policy's terms. *See id.* Accordingly, there is no evidence suggesting that the insurance policy was procedurally unconscionable.

Daniels also fails to demonstrate that the arbitration agreement was substantively unconscionable. Substantive unconscionability is "an absence of meaningful choice on the part of one of the parties, together with contract terms which are unreasonably favorable to the other party." *Taylor*, 826 So. 2d at 715 (quoting *Bank of Ind., Nat'l Ass'n v. Holyfield*, 476 F. Supp. 104, 109 (S.D. Miss. 1979)). Substantive unconscionability occurs where contracts are "one-sided [and] one party is deprived of all the benefits of the agreement or left without a remedy for [the other] party's nonperformance or breach[.]" *Horton*, 926 So. 2d at 177 (alterations original) (quoting *Holyfield*, 476 F. Supp. at 110). Here the only limitation in the arbitration provision is that "arbitration must be commenced within one year of the date of the loss or damage." Def.'s Mot. [4] at 34. This condition does create a situation in which Daniels is "deprived of all the benefits of the agreement or left without a remedy." *See Horton*, 926 So. 2d at 177. Daniels' contention that he lacked a meaningful choice because he was unaware of the policy's arbitration provision at the time of purchase also fails because contract law

imputes such knowledge to him.  *See Driskell*, 293 So. 3d at 264 (citation omitted); *Mladineo*, 52 So. 3d at 1161–62 (collecting cases).

## CONCLUSION

In sum, Daniels cannot establish that the arbitration agreement was procedurally or substantively unconscionable.  Daniels alleges that the defendants "steadfastly refused to fully cover Daniels for the damages to his Boat sustained in a covered occurrence[.]"  *See* Compl. [1-1] at 7.  Therefore, the dispute clearly falls within the scope of the arbitration agreement. For the foregoing reasons, Daniels' claims must be submitted to binding arbitration, and the Court will stay proceedings accordingly.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant ASIC's [4] Motion to Compel Arbitration and to Stay Proceedings is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Ronnie Daniels' [9] Motion to Strike is **MOOT**.[4]

**SO ORDERED AND ADJUDGED** this the 22nd day of November, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Court did not consider any additional facts and/or legal arguments in the [8] Reply associated with the [9] Motion to Strike and finds the Motion to Strike should be denied as moot.